```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

DIANNE RONSHAGEN,                :

    Plaintiff,              :

V.                               :   CASE NO. 3:07-CV-976(RNC)

RELIANCE STANDARD LIFE           :
INSURANCE COMPANY,               :

    Defendant.              :

## RULING AND ORDER

This is an action for accidental death benefits under an employee benefit plan. Cross-motions for summary judgment have been filed. Under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., defendant's denial of plaintiff's claim for benefits must be upheld if it is supported by substantial evidence. I conclude that this test is satisfied. Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion is denied.[1]

I.  Facts

Plaintiff Dianne Ronshagen elected to receive life insurance coverage under her employer's accidental loss plan ("the Plan"). Coverage was available to her through a group accident policy

---

[1] Plaintiff's complaint also includes state law claims based on defendant's refusal to pay the benefits at issue. These claims must be dismissed because they are preempted by ERISA. See Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

("the Policy") issued by defendant Reliance Standard Life Insurance Company ("Reliance Standard").  Mark Jones was covered under the Plan as plaintiff's domestic partner and she was his beneficiary.

Jones died as a result of injuries he sustained in a motor vehicle accident on Interstate 95.  The police who investigated concluded that the accident happened in the following manner.  A disabled vehicle located between the left and center lanes of the three-lane highway was in the process of being removed by a flatbed tow truck when Jones approached in his vehicle at an excessive speed.  The tow truck's yellow emergency lights were flashing but Jones did not brake before colliding with the truck.  Debris from the collision struck the driver of the disabled vehicle who was standing nearby, causing serious injuries to his legs.  Jones was ejected from his vehicle and pronounced dead at the scene.

The report of the police investigation concludes that Jones caused the accident by "losing control of his vehicle and failing to change lanes safely."  The report states that the following factors "significantly contributed" to the accident: (1) "cocaine and ethanol intoxication" - Jones had .35 mg/L of cocaine in his blood and his blood alcohol level was .230, nearly three times the legal limit, see Conn. Gen. Stat. § 14-227a; (2) the condition of the road surface - it was wet from light rain; and

(3) excessive speed - it was estimated that Jones was driving between 60 and 80 miles per hour in a 55 mile per hour zone.

Plaintiff submitted a claim to Reliance Standard seeking accidental death benefits under the Policy.  By its terms, the Policy "does not cover any loss" "sustained during the Insured's commission or attempted commission of an assault or felony" or "caused by the Insured's being under the influence of any narcotic unless administered on the advice of a physician." (Def.'s Mot. Summ. J. Ex. A at 39.)  Reliance Standard denied the plaintiff's claim relying on these two exclusions.  (Def.'s Mot. Summ. J. Ex. D.)  The denial letter states that Jones died while committing the felony of assault in the second degree with a motor vehicle in violation of section 53a-60d of the Connecticut General Statutes, which provides:

> (a) A person is guilty of assault in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes serious physical injury to another person as a consequence of the effect of such liquor or drug.

Plaintiff, through her attorney, appealed the denial of the claim.  Reliance Standard issued a letter affirming the denial. The letter states:

> We have not asserted that criminal charges were filed in connection with this accident.  However, the information in the claim file reveals that Mark Jones (deceased) was operating a vehicle at a high rate of speed, while under the influence of cocaine and ethanol intoxication as confirmed by the toxicological findings (.230BAC), and caused physical serious injuries to [the

>     driver of the disabled vehicle].  According to the
>     Connecticut General Statutes, . . . at the time of the
>     accident, Mr. Jones was in the commission of an assault
>     and felony, and this Policy excludes any loss sustained
>     during the Insured's commission or attempted commission
>     of an assault or felony.

(Def.'s Mot. Summ. J. Ex. F.)

II.  Discussion

Under ERISA, an employee benefit plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  When a plan gives a fiduciary discretion to determine eligibility for benefits, a denial of benefits may be set aside only if it is arbitrary and capricious.  See Jiras v. Pension Plan of Make-Up Artist & Hairstylists Local 798, 170 F.3d 162, 166 (2d Cir. 1999); Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995).  The Policy gives this discretion to Reliance Standard.[2]

Under the arbitrary and capricious standard, a court looks at the materials in the administrative record and asks whether

---

[2] The Policy states: "Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan.  The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits.  Decisions by the claims review fiduciary shall be complete, final and binding on all parties."  (Def.'s Mot. Summ. J. Ex. A at 19.)

the fiduciary's decision is supported by substantial evidence, that is, evidence a reasonable person could accept as adequate to support the conclusion.  See Miller v. United Welfare Fund, 72 F.3d 1066, 1071-72 (2d Cir. 1995).  Having examined the administrative record, I conclude that the denial of plaintiff's claim must be upheld because it is adequately supported by the police, post mortem and toxicology reports.

Crediting the findings in these reports, as the fiduciary was entitled to do, Jones was heavily intoxicated at the time of the accident due to his consumption of alcohol and cocaine.  He was driving too fast and failed to avoid the flatbed tow truck, even though the truck's yellow emergency lights were flashing.  The debris from the collision struck and seriously injured a bystander.  Given this evidence, the fiduciary could conclude that Jones, while driving under the influence of alcohol and cocaine, caused serious physical injury to another as a result of his intoxication, bringing the loss within the felony exclusion of the Policy.[3]

Plaintiff emphasizes that "there is no conclusive evidence

---

[3]It is of no consequence that Jones was never charged with a crime.  If the insured's conduct is punishable as a felony, the insured's commission of that conduct is enough to satisfy the language of the benefit policy's felony exclusion regardless of whether a felony conviction is actually sought or obtained.  See Steele v. Life Ins. Co. of N. Am., 507 F.3d 593, 596-97 (7th Cir. 2007); James v. La. Laborers Health & Welfare Fund, 29 F.3d 1029, 1034 (5th Cir. 1994).

5

from which this Court may determine that the accident . . . would not have happened but for Jones' intoxication." (Pl.'s Mem. Supp. Summ. J. at 13.) She urges that "[t]he road, weather, light and travel lane obstructions were all contributing factors, if not the primary cause, of the accident." (Pl.'s Mem. Supp. Summ. J. at 13.) Under the arbitrary and capricious standard of review, however, the Court may not insist that the fiduciary's decision be supported by conclusive evidence. It is well-established that a fiduciary's decision must be upheld if it is supported by evidence a reasonable person could accept as adequate. See Miller, 72 F.3d at 1072. This standard is satisfied.[4]

III. Conclusion

Accordingly, defendant's motion for summary judgment is hereby granted and plaintiff's motion is denied.

So ordered this 12th day of February 2009.

/s/ RNC
Robert N. Chatigny
United States District Judge

---

[4] Because Reliance Standard relied exclusively on the Policy's felony exclusion when it affirmed the denial of plaintiff's claim, it is unnecessary to consider whether the Policy's exclusion for loss "caused by the Insured's being under the influence of any narcotic" not administered by a physician provides a sufficient basis for the denial.